# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVIE L. GREEN, | Case No.: 2:17-cv-01717-APG-PAL |
| Plaintiff | **Order (1) Granting Motion to Strike, (2) Denying Motion to Extend Time, and (3) Denying Motion for Summary Judgment** |
| v. | |
| TCB LAS VEGAS, LLC, doing business as COUNT'S VAMP'D ROCK BAR & GRILL, | [ECF Nos. 26, 27, 29] |
| Defendant | |

Plaintiff Davie Green filed suit against her former employer, defendant TCB Las Vegas, LLC, doing business as Count's Vamp'd Rock Bar & Grill. She asserts claims for sex discrimination under federal and state law. ECF No. 1. TCB moves for summary judgment. ECF No. 26. Green moves to strike the summary judgment motion as untimely. ECF No. 27. She also opposes the motion on the merits and objects to some of TCB's exhibits. ECF Nos. 37, 39. TCB responds that its motion is timely but alternatively moves to extend the deadline to file it. ECF No. 29.

I grant the motion to strike because TCB's motion for summary judgment is untimely and there is no good reason to extend the deadline. Magistrate Judge Leen held a hearing on January 16, 2018 on TCB's motion to extend discovery. ECF No. 20. At that hearing, Judge Leen granted TCB 45 days to complete discovery despite noting that TCB had not "shown excusable neglect, diligence, or good cause for . . . basically starting from scratch after the expiration of the discovery cutoff." ECF No. 30 at 12. At the hearing, Judge Leen stated she granted "45 days from today's date to conduct whatever discovery you can do within that period of time." *Id.* Forty-five days from January 16 is March 2, 2018. The scheduling order provides that

dispositive motions were due 30 days after the discovery cut-off date. ECF No. 14. Thus, the dispositive motion deadline was April 1, 2018, which was a Sunday, so the motion was due the next business day, April 2, 2018. TCB filed its motion on April 6, 2018 without any explanation as to why it was not timely filed.

I deny TCB's later-filed motion to extend time. TCB attempts to justify its late filing by arguing the parties understood the 45-day period ran from January 22, 2018, which is the date the minutes of the January 16, 2018 hearing were entered on the docket. Judge Leen was clear at the hearing, which defense counsel attended, that the 45 days ran from the date of the hearing. ECF No. 30 at 12 (stating twice that the 45 days ran from "today's date"). TCB has not shown good cause for its failure to meet the dispositive motion deadline or excusable neglect for filing the motion to extend time after the dispositive motion deadline expired. *See* LR 26-4.

While ordinarily I may excuse a few days' tardiness, TCB's prior conduct in this case weighs against granting an extension. As Judge Leen discussed at the January 16 hearing, TCB did not conduct any discovery during the first 90 days of the discovery period, did nothing other than respond to Green's discovery requests in the final 90 days of discovery, and filed an untimely motion to extend discovery. ECF No. 30 at 3-4, 8-9. Despite the fact that TCB was not diligent and had not shown good cause for extending the discovery deadline, Judge Leen generously granted TCB's late-filed motion and gave TCB 45 more days to conduct discovery. Despite previously failing to exercise diligence, show good cause, or meet applicable deadlines, TCB missed the summary judgment deadline, again with no good cause shown. Under these circumstances, I deny the motion to extend time. Because the motion for summary judgment is untimely, I deny it.

/ / / /

IT IS THEREFORE ORDERED that plaintiff's motion to strike **(ECF No. 27) is GRANTED**, the defendant's motion to extend time **(ECF No. 29) is DENIED**, and the defendant's motion for summary judgment **(ECF No. 26) is DENIED** as untimely.

DATED this 21st day of December, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE